# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| **MARILYN M.,**  Plaintiff,  v.  **NANCY A. BERRYHILL,**[1] **Acting Commissioner of Social Security,**  Defendant. | **MEMORANDUM DECISION AND ORDER**  **Case No. 1:17-cv-00063-PMW**  **Chief Magistrate Judge Paul M. Warner** |

All parties in this case have consented to Chief Magistrate Judge Paul M. Warner conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[2] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Marilyn M.'s ("Plaintiff") appeal of the Acting Commissioner of Social Security's ("Commissioner") final decision determining that Plaintiff was not entitled to disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (the "Act").[3] After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case. After careful review of the administrative record, the parties' briefs, and the relevant law, the court

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill has been substituted for Acting Commissioner Carolyn W. Colvin as the Defendant in this action. *See* docket no. 21.

[2] *See* docket no. 18.

[3] *See* docket no. 24.

finds no reversible legal error and concludes that the Commissioner's decision is supported by substantial evidence. The Commissioner's decision is therefore affirmed.

## BACKGROUND

Plaintiff was fifty (50) years old in July 2015, when she claimed disability based on depression, fibromyalgia, Graves' disease, anxiety, and fatigue, among other conditions.[4] She completed high school and has past relevant work experience as an apartment manager and property manager.[5] Plaintiff's claim was initially denied on September 30, 2016, by Jason W. Crowell, Administrative Law Judge ("ALJ").[6] Plaintiff requested review before the Appeals Council, which was denied December 19, 2016,[7] rendering the ALJ's decision the final decision of the Commissioner for judicial review. *See* 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.981, 416.1481.

## STANDARD OF REVIEW

The court "'review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.'" *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It

---

[4] *See* docket nos. 23, 23-1, and 23-2, Administrative Record ("Tr.") at 204.

[5] *See* Tr. at 205.

[6] *See* Tr. at 548-568.

[7] *See* Tr. at 1-7.

requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). In reviewing the ALJ's decision, the court cannot "reweigh the evidence" or "substitute" its judgment for that of the ALJ. *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citations omitted). "[F]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(iv), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 416.920(a)(4), 404.1520(a)(4). The five step sequential disability determination is as follows:

1.  If the claimant is performing substantial gainful work she is not disabled.

2.  If the claimant is not performing substantial gainful work, her impairment(s) must be severe before she can be found to be disabled.

3.  If claimant is not performing substantial gainful work and has a severe impairment(s) that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment(s) meets or medically equals a listed impairment contained in [20 C.F.R. § 404, Part P, Appendix 1], the claimant is presumed disabled without further inquiry.

4.  If the claimant's impairment(s) does not prevent her from doing her past relevant work, she is not disabled.

5.  Even if the claimant's impairment(s) prevent her from performing her past relevant work, if other work exists in significant numbers in the national economy that accommodates her residual functional capacity [("RFC")] and vocational factors, she is not disabled.

*Martin v. Barnhart*, 470 F. Supp. 2d 1324, 1326–27 (D. Utah 2006); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *Williams*, 844 F.2d at 750–51.

The claimant bears the burden of proof beginning with step one and ending with step four. *See Williams*, 844 F.2d at 750–51; *Henrie v. U.S. Dep't of Health & Human Servs.*, 13 F.3d 359, 360 (10th Cir. 1993). At step five, the burden of proof shifts to the Commissioner to establish "whether the claimant has the [RFC] . . . to perform other work in the national economy in view of his [or her] age, education, and work experience." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," *id*., he is disabled and entitled to benefits.

**DISCUSSION**

Plaintiff's opening brief alleges three flaws in the ALJ's decision which Plaintiff argues merit reversal. First, Plaintiff argues that "[t]he ALJ erred in relying on vocational expert testimony to fulfill his step [five] burden without addressing post-hearing objections to that testimony."[8] Second, Plaintiff argues that "[t]he ALJ failed to adhere to Agency policy and Tenth Circuit precedent when considering the consistent opinions of Plaintiff's treating physician and the consultative examiner."[9] Finally, Plaintiff argues that "[t]he ALJ's credibility analysis is

---

[8] Docket no. 24 at 3.

[9] *Id.*

4

deficient generally, but also because the ALJ failed to consider Plaintiff's exemplary work history prior to her alleged disability onset."[10] The court has carefully reviewed the administrative record and finds that Plaintiff has failed to provide the court grounds on which to overturn the decision of the Commissioner. The court will address each of Plaintiff's arguments in turn. For the reasons that follow, the court finds that the ALJ applied the correct legal standard and the ALJ's decision is supported by substantial evidence. Accordingly, the court recommends that the decision of the Commissioner be affirmed.

**I.      The ALJ Properly Relied on Vocational Expert Testimony**

In a post-hearing objection, Plaintiff objected to the vocational expert's ("VE") testimony, arguing that the VE's testimony was not based on up-to-date and reliable job information.[11] The ALJ overruled Plaintiff's objection, but gave no further explanation for this decision.[12] Plaintiff argues that the ALJ's failure to explain why the objection was overruled is reversible error. This court disagrees.

As Plaintiff correctly points out, pursuant to the *Hearings, Appeals, and Litigation Manual* (HALLEX), when a claimant raises objections to a VE's opinion, "the ALJ must (on the record) . . . [r]ule on any objection(s). The ALJ may address the objection(s) on the record during the hearing, in narrative form as a separate exhibit, or in the body of his or her decision." HALLEX § I-2-6-74(B) (2016). Here, the ALJ ruled on Plaintiff's objection on the record, in the

---

[10] *Id.*

[11] *See id.* at 5.

[12] *See* Tr. at 551.

body of his decision.[13] Plaintiff has not cited to, and the court is not aware of any, authority supporting her argument that the ALJ is required to explain the reasoning for his or her ruling on the objection. For this reason, the court finds there is no basis to overturn the ALJ decision on that ground.

Plaintiff also argues that the ALJ erred because he failed to resolve an alleged conflict between the VE's testimony and the *Dictionary of Occupational Titles* ("DOT"). The DOT classifies jobs on a General Educational Development ("GED") Scale. The GED Scale consists of a Reasoning Development, Mathematical Development, and Language Development component. *See* DOT, App. C. § III. The jobs identified by the VE had a GED reasoning level of two, which is defined as "[a]pply[ing] commonsense understanding to carry out detailed but uninvolved written or oral instructions." DOT, App. C. § III. Plaintiff argues that only jobs with a reasoning level of one, which entail the ability to "apply commonsense understanding to carry out simple one- or two-step instructions," are consistent with the ALJ's RFC, which limits Plaintiff to "simple, routine, and repetitive tasks . . . involving only simple work-related decisions."[14] Plaintiff asserts that the ALJ erred by failing to resolve this alleged conflict.

However, the Tenth Circuit has held that a reasoning level of two is consistent with an RFC limitation to simple and routine work tasks. *See Hackett*, 395 F.3d at 1176; *see also Stokes v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008) (holding that a limitation to simple, repetitive, and routine work is consistent with a reasoning level rating of two). Accordingly, the court

---

[13] *See* Tr. at 551.

[14] Tr. at 556.

6

concludes that there is no inconsistency between the VE's testimony and the DOT for the ALJ to resolve, and therefore Plaintiff's argument fails.

## II. Weight of Medical Opinions

Plaintiff also argues that the ALJ improperly weighed the opinions of Plaintiff's treating physician Lynn Q. Beard, M.D. ("Dr. Beard"), and examining psychologist Mark D. Corgiat, PhD. ("Dr. Corgiat").

The ALJ is required to "evaluate every medical opinion" "regardless of the source." 20 C.F.R. §§ 404.1527(c), 416.927(c). "The opinion of a treating physician is properly denied controlling weight 'if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record.'" *Simmons v. Colvin*, 635 F. App'x 512, 515 (10th Cir. 2015) (unpublished) (quoting *Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003)). In weighing medical source opinions, the regulations set forth several factors to consider, including examining relationship and the treatment relationship between the source and the claimant; the supportability of the opinion, including "the degree to which [the source] provide[s] supporting explanations for their opinions[;]" consistency with the record as a whole; the area of medical specialization of the source; and, other factors such as the source's understanding of the agency's disability programs and evidentiary requirements, and familiarity with the record. *See* 20 C.F.R. §§ 404.1527(c)(1)– (5), 416.927(c)(1)–(5).

The ALJ declined to give controlling weight to Dr Beard's opinion, because the ALJ concluded that "it is not well-supported by medically acceptable diagnostic techniques and is not

7

consistent with other substantial evidence in the case record."[15] Instead, the ALJ gave Dr. Beard's opinion partial weight, reasoning that Dr. Beard's "limitations are generally consistent with the medical record, except about the [number of] absences."[16] Similarly, the ALJ gave partial weight to Dr. Corigat's opinion because the medical evidence did not fully support his opinion.[17]

Plaintiff asserts that the ALJ erred by allegedly not giving good reasons for discounting these opinions because he did not address all the factors for weighing medical opinions, and did not point to any evidence in the record which contradicted the opinions. The court disagrees. As to Dr. Beard's opinion, the ALJ acknowledged his treating relationship with Plaintiff and explained that "[t]he evidence shows that the claimant engaged in skilled work did not end due to her long-standing depression," and "the evidence does not show a worsening depression that would indicate excessive absences."[18] Similarly, the ALJ explained that the medical records did not support Dr. Corigat's restrictions in Plaintiff's "ability to understand, remember, and carry out simple instructions" because "evidence shows that the claimant engaged in skilled work through the alleged onset date, and that work did not end due to her long-standing depression."[19] The ALJ went on to explain that "the evidence does not show a worsening of functioning to a

---

[15] Tr. at 559.

[16] *Id.*

[17] *See id.*

[18] Tr. at 559-60.

[19] *Id.* at 559.

8

degree that would preclude even simple work" and Plaintiff's alleged pain disorder "has not been substantiated by objective medical evidence."[20]

The ALJ properly applied the required factors in weighing these opinions. The ALJ was not required to expressly apply every factor. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (stating that the plaintiff "cites no law, and we have found none, requiring an ALJ's decision to apply expressly each of the six relevant factors in deciding what weight to give a medical opinion."). Accordingly, the court concludes that the ALJ properly weighed the opinions of Drs. Beard and Corgiat.

### III. ALJ's Credibility Determination

Finally, Plaintiff argues that the ALJ erred in his credibility assessment because he did not consider Plaintiff's work history. However, the record demonstrates that the ALJ did consider Plaintiff's work history. The ALJ found that "the [Plaintiff's] statements concerning the intensity, persistence[,] and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."[21] The ALJ expressly discusses Plaintiff's work history in the decision, noting, for example, that Plaintiff "maintained skilled work at well above substantial gainful activity levels" until July 2015,[22] and that Plaintiff "engaged in skilled work through the alleged onset date, and that work did not end due to her long-standing depression."[23] It was reasonable and appropriate for the ALJ to consider

---

[20] *Id.*

[21] Tr. at 558.

[22] *Id.*

[23] Tr. at 559.

9

Plaintiff's work history in this context. *See Cowan v. Astrue*, 552 F.3d 1182, 1191 (10th Cir. 2008) ("The ALJ found that Mr. Cowan 'previously worked with these [longstanding] impairments, which suggests these conditions would not currently prevent work' . . . [and] show[s] that the ALJ affirmatively linked her credibility determination to substantial evidence in the record."); *Potter v. Sec'y of Health & Human Servs.*, 905 F.2d 1349 (10th Cir. 1990) (indicating that a claimant's admission that she did not leave employment as a result of a health-related impairment was relevant to a determination of disability). Plaintiff's argument regarding the ALJ's error is therefore without merit.

## CONCLUSION AND ORDER

Based on the foregoing, the court concludes that all of Plaintiff's arguments fail. Accordingly, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED this 13th day of September, 2018.

BY THE COURT:

_____
PAUL M. WARNER
Chief United States Magistrate Judge